Ex Parte Guzmán, Peticionario y Apelante.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre administración judicial.

No. 3037.—Resuelto en noviembre 15, 1923.

Bienes de Menores—Cancelación de Hipoteca de Menores.—Está dictada de acuerdo con lo estatuído en el artículo 229 del Código Civil en relación con el artículo 82 de la Ley de Procedimientos Legales Especiales, una orden de la corte de distrito que dispone que el importe de cierto crédito hipotecario perteneciente a menores, cobrado por el padre de los mismos, sea depositado para ser invertido con permiso de la corte e intervención del fiscal.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. F. González.*

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

Julio D. Guzmán, como padre con *patria potestad* sobre sus menores hijos no emancipados José Antonio y Julia María Guzmán Pérez, compareció ante la Corte de Distrito de Humacao y solicitó que se le autorizara para recibir tres mil dólares pertenecientes a sus hijos y para cancelar cierta hipoteca que garantizaba el pago de dichos tres mil dólares.

El fiscal del distrito dictaminó que nada tenía que objetar a que se concediera la autorización, siempre que el dinero se depositara en la corte o en una institución bancaria a nombre de los menores, para ser invertido con permiso de la corte e intervención del fiscal. Y oída la prueba, así lo acordó la corte, ordenando el depósito en la sección

de ahorros del Roig Commercial Bank, de Humacao, P. R., para ser invertido con permiso de la corte e intervención del fiscal.

No conforme el peticionario, interpuso el presente recurso de apelación. En su alegato se expresa así:

"Sin duda la corte al dictar esta resolución se fundó en el artículo 82 de la Ley sobre procedimientos legales especiales, según fué enmendado el año 1911, que determina que en cualquier caso que el juez autorice al solicitante para algún acto o contrato en que el menor o incapaz obtenga dinero u otros valores, la resolución determinará la colocación o inversión de lo adquirido; pero este artículo no tiene el alcance que le ha dado el Juez de Distrito, ni puede interpretarse aisladamente sin tener en cuenta los preceptos del Código Civil referentes a la *patria potestad*. Debe tenerse en cuenta que ese artículo se refiere a los casos en que un menor se despoje de algo que le pertenece, y entonces la Ley sabia y previsora dice que el producto debe ser invertido pero en este caso si bien se trata de cancelar una hipoteca que técnicamente hablando significa una enajenación de un derecho real, no es menos cierto que lo que se hace es cobrar una deuda de los menores, recuperar algo que les pertenecía y por lo tanto puede decirse que nada obtienen en virtud de la orden de la corte."

Luego el peticionario invoca los artículos 224, 225, 228, 490 y 491 del Código Civil, sosteniendo que la condición del padre, tanto por la ley natural como por la positiva, es distinta de la del tutor.

El artículo 80 de la Ley de Procedimientos Legales Especiales de 1905, tal como fué enmendado en 1911, (Comp. 1911, p. 335), dispone que en "todos los casos en que según el Código Civil necesitan los padres o el tutor de un menor o incapaz autorización judicial para actos o contratos que se refieren a la guarda de dicho menor o incapaz y de sus bienes, deberá presentarse la oportuna solicitud a la competente corte de distrito, . . . ." Sigue la ley expresando lo que debe hacerse constar en la solicitud y el trámite que debe seguirse, y en su artículo 82 prescribe: "*En*

*cualquier caso* en que el juez autorice al solicitante para algún acto o contrato, en que el menor o incapaz obtenga dinero u otros valores, la resolución determinará la colocación o inversión de lo adquirido y el fiscal vigilará por los medios que considere adecuados el cumplimiento de la resolución judicial.'' Las itálicas son nuestras.

El artículo 229 del Código Civil establece que ''El ejercicio de la *patria potestad* no autoriza al padre ni a la madre para enajenar o gravar bienes inmuebles de clase alguna, o muebles cuyo valor exceda de quinientos dollars, pertenecientes al hijo, y que estén bajo la administración de aquéllos, sin previa autorización de la corte de distrito en que los bienes radiquen, previa comprobación de la necesidad o utilidad de la enajenación o el gravamen, y de acuerdo con lo dispuesto en los artículos 80, 81 y 82 de la ley referente a procedimientos legales especiales.'' ·

¿Se trata aquí de la enajenación de un bien inmueble? Creemos que sí y así lo reconoció la misma parte apelante al acudir a la corte de distrito en demanda de autorización. Un crédito garantizado con hipoteca se ha considerado como un bien inmueble y la cancelación del gravamen como un acto de enajenación, en repetidos casos. Sobre ese extremo no se suscita cuestión alguna. Es sobre la condición impuesta que se queja el apelante.

Los menores en este caso son dueños de un crédito garantizado con hipoteca. Concedida la autorización y cancelada la hipoteca los menores obtendrán dinero. El caso está claramente comprendido en la ley. Esta no distingue entre el padre y el tutor. Y donde la ley no distingue no debemos distinguir. Lo que la ley aspira es a que el dinero metálico se invierta de nuevo en iguales o mejores condiciones, siempre en beneficio del menor, a menos que sea absolutamente necesario consumirlo en todo o en parte también en beneficio del menor.

La aplicación dada por la corte de distrito al derecho positivo vigente, no es contraria a la ley natural. Es conforme a la naturaleza humana que los padres no sólo amen a sus hijos y defiendan sus intereses, sí que realicen por ellos verdaderos sacrificios; pero teniendo en cuenta la natural flaqueza humana, las leyes siempre han tratado de garantizar el caudal de los menores, bien sea administrado por extraños, ya por sus propios padres.

Debe confirmarse en todas sus partes la resolución recurrida.

*Confirmada la resolución recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey, Hutchison y Franco Soto.